Case: 1:26-mj-00047
Assigned To: Judge Sharbaugh, Matthew J.
Assign. Date: 3/5/2026
Description: COMPLAINT W/ARREST WARRANT

## AFFIDAVIT IN SUPPORT OF A CRIMINAL
## COMPLAINT AND ARREST WARRANT

I, Christopher Somers, am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF"), Washington Field Division, Washington, D.C. (hereinafter Affiant"), being duly sworn, deposes and states as follows:

## INTRODUCTION

1.       I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  I have been in this position since October 2024.  In addition to my assignment with the ATF, I am an Arson Investigator/Canine Handler with the District of Columbia Fire and Emergency Medical Services Department in the Fire Investigation Unit for approximately 12 years.  I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests.  I have received training and experience in interviewing and interrogation techniques, surveillance techniques, arrest procedures, search and seizure, and asset forfeiture.  I have specific and extensive additional training and experience with both fires and explosives. I have also been involved in death investigations, assaults with intent to kill, arsons, explosives, and fraud investigations.

2.       I am presently assigned to Falls Church Group I of the Washington Field Division of the ATF.  This group runs the National Capital Region Arson and Explosives Task Force, which is responsible for investigating arson and explosives incidents in Washington, D.C. and Northern Virginia.

3.       The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other local and federal law

1

enforcement officers.  All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and/or other physical evidence obtained during the course of this investigation.  I have personally reviewed reports and documentation, observed scene photographs and have had conversations with employees at the ATF and other law enforcement agencies relating to the offenses referred to below.  Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based upon my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

4.      Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement.  This affidavit contains information necessary to support probable cause and has been prepared only for the purpose of obtaining a criminal complaint and arrest warrant. Therefore, it contains neither all of the information known to me concerning the offense nor every fact learned by the government during the course of its investigation thus far.

5.      On the basis of information which I have reviewed and determined to be reliable, I allege that the following facts show that there is probable cause to believe that Deyon Frederick HAMPTON, Jr. violated Title 18, United States Code, Section 844(i) (use of fire or explosive to damage a building affecting interstate commerce) on or about February 14, 2026 while within the District of Columbia.

## RELEVANT STATUTORY PROVISION

6.      Title 18, United States Code, Section 844(i) states: Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity

affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not less than 7 years and not more than 40 years, fined under this title, or both.

## PROBABLE CAUSE

7.      On February 14, 2026, at 4:34 PM the District of Columbia Fire & EMS Department ("DCFD") and the Metropolitan Police District of Columbia ("MPD") responded to a report of an explosion and fire at an occupied apartment building in Northeast section of the District of Columbia (hereinafter referred to as APARTMENT BUILDING). Fire suppression units responded and found a fire burning in an apartment within APARTMENT BUILDING (hereinafter referred to as VICTIM APARTMENT) and extinguished the fire, securing the scene with the assistance of MPD patrol units. The on-scene fire incident commander requested the assistance of the DCFD Fire Investigation Unit ("FIU").

8.      Your Affiant, a member of the National Capitol Region Arson & Explosives Task Force ("AETF"), responded to the incident with members of the FIU to assist with the fire scene examination.

9.      Upon arrival, Your Affiant met with the occupants of the VICTIM APARTMENT in the back of American Medical Response Ambulance 84, where they we being treated for injuries. Two individuals (hereinafter referred to as (V1) and (V2)) identified themselves as the tenants of the VICTIM APARTMENT and reported that they were both in the apartment at the time of the explosion and fire.

10. V1 reported that an explosion occurred before the fire was discovered near the electrical panel in the hallway of the VICTIM APARTMENT. V1 also showed Your Affiant their left arm, which was injured. Your Affiant noticed blood and a piece of plastic embedded in V1's left forearm. V1 reported that this injury was new, and the plastic was not embedded in their arm before the explosion and fire. V1 was subsequently transported by Ambulance 84 to MEDSTAR-Washinton Hospital Center for treatment of their injuries, including the shrapnel in their left arm.

11. V2 reported hearing an explosion and believed it was near the electrical panel, but was in the bedroom at the time the explosion occurred. V2 reported to Your Affiant that V2 believed the explosion was from "dynamite" before being transported to MEDSTAR-Washington Hospital Center by Ambulance 84 for treatment of unspecified injuries.

12. A fire scene examination of the VICTIM APARTMENT was conducted by members of the FIU, in which Your Affiant assisted and participated. Fire damage was largely isolated to the VICTIM APARTMENT, with some extension of fire into the attic space above the VICTIM APARTMENT. It was the opinion of the participating investigators that the fire originated in the hallway of the VICTIM APARTMENT, based on an analysis of fire damage patterns and the witness statements.

13. The fire scene examination included a search for common causes of explosions and fire. The VICTIM APARTMENT did not have any natural gas fueled equipment in the apartment. No Lithium-Ion batteries, or remains of Lithium-Ion batteries were found. The electrical panel, and the service line to the panel, were both intact. A propane tank was found in the closet of the hallway, but the tank did not have any fire damage.

14. During the examination, Your Affiant, began receiving text messages from V1. V1's message stated "I was just talking to my friend that was outside the building. He said the explosion

happened and then the guy Deyon left out the building. He asked Deyon what happened, he smiled and said something like he got them. He tried to stop him and follow him but he got away." Additionally, V1 sent a picture of the person identified as "Deyon" to Your Affiant.

15.    During the examination of the VICTIM APARTMENT, additional members of the AETF responded to APARTMENT BUILDING to provide technical assistance and to augment the investigative resources of the DCFD. This group included a Senior Special Agent Bomb Technician/Certified Explosive Specialist ("SSABT/CES") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

16.    The SSABT/CES and Your Affiant responded to MEDSTAR-Washington Hospital Center to conduct an additional interview with V1. During the interview, V1 recalled that "Deyon" and another male ("W1") had been hanging out in the VICTIM APARTMENT. V1's significant other, V2, was sleeping in the bedroom. V1 and Deyon had a conversation, during which Deyon displayed a solid-colored tube-shaped item, approximately 12 inches long and about 11/2 inches in diameter. V1 could not recall the specific words that Deyon spoke, but he indicated that it was "dynamite." He then placed the "dynamite" in his pocket. As V1 began looking for a pair of shoes in a storage bin located in the hallway, W1 exited the VICTIM APARTMENT through the apartment door, located on V1's left side. Deyon then left the VICTIM APARTMENT through the same door. Almost immediately after Deyon's departure from the apartment, V1 felt and heard an explosion on V1's left side. V2, now awoken by the explosion, and V1 then tried to leave the VICTIM APARTMENT. V1 reported seeing flames in the area in front of the electrical panel and left side closet, as well as the area between the apartment door and where V1 had been looking through the storage bin when the explosion occurred. V2 then pushed V1 out of the apartment door as the flames were growing and spreading.

17. V1 also identified that the plastic shrapnel embedded in V1's arm had been removed by hospital staff and had incurred abrasions to V1's left, leg hip and ankle during the explosion and subsequent fire. These injuries were treated by hospital staff before V1's discharge.

18. V1 was able to recall that Deyon's full name is Deyon Frederick HAMPTON, ████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████

19. Your Affiant queried law enforcement databases and found a Deyon Frederick HAMPTON, Jr. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

20. Later this same day, a FIU Sergeant/Arson Investigator and Your Affiant, met with V1. V1 reported that they frequently would see Deyon over the last year, that sometimes he would sleep in the VICTIM APARTMENT., Deyon's longest stay lasted almost a month. V1 was sure they would recognize a photograph of Deyon. Your Affiant presented V1 with the most recent booking photograph of Deyon HAMPTON, Jr. with ███████████, which V1 immediately recognized and identified as "Deyon." During this interview, Your Affiant, misstated Deyon's last name as Howard. After the interview, V1 sent a text correcting my error, stating "And I remember his last name is actually Hampton, not Howard."

21. The explosion and subsequent fire caused significant damage to location the APARTMENT BUILDING, with at least five occupants displaced due to the fire damage, and leaving the VICTIM APARTMENT uninhabitable.

22. A query of District of Columbia Government records, including the Office of Tax and Revenue and the Department of Buildings, list the APARTMENT BUILDING as having a

Certificate of Occupancy permit for six apartment units. The property owner is listed as a Limited

Liability Corporation registered in New Jersey, a business which affects interstate commerce.

## CONCLUSION

23.     Based on the foregoing facts, I submit that there is probable cause to believe that

on or about February 14, 2026, in Washington, within the District of Columbia, Deyon Frederick

HAMPTON, Jr., did use fire or an explosive to maliciously damage or destroy a building which

was used in and/or affected interstate commerce, and a personal injury resulted, in violation of 18

U.S.C. § 844(i).  I respectfully request that the Court issue a criminal complaint and arrest warrant.


Respectfully submitted,

_____

Christopher Somers
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives


Subscribed and sworn to in accordance with Fed. R. Crim. P. 4.1
by telephone on March 5, 2026.


_____
The Honorable Matthew J. Sharbaugh
United States Magistrate Judge